**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BOUKE HALE,<br>on behalf of plaintiff and a class,<br><br>          Plaintiff,<br><br>    vs.<br><br>AFNI, INC.,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   **FILED: JULY 10, 2008**<br>  **08CV3918**<br>  **JUDGE COAR**<br>  **MAGISTRATE JUDGE SCHENKIER**<br>  **AEE** |

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1. Plaintiff Bouke Hale brings this action to secure redress from unlawful credit and collection practices engaged in by defendant AFNI, Inc.. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA"), and the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. The ICAA reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes. . . . It is further declared to be the public policy of this State to protect consumers against debt collection abuse." 225 ILCS 425/1a.

1

**VENUE AND JURISDICTION**

4. This Court has jurisdiction under 15 U.S.C. §§1681p (FCRA) and 1692k (FDCPA) and 28 U.S.C. §§1331, 1337 and 1367,

5. Venue and personal jurisdiction in this District are proper because:

 a. Defendant's collection communications were received by plaintiff within this District;

 b. Defendant does business within this District.

**PARTIES**

6. Plaintiff Bouke Hale is an individual who resides in the Northern District of Illinois.

7. Defendant AFNI, Inc. is a corporation with offices at 404 Brock Drive, Bloomington, Illinois 61702.

8. AFNI, Inc. is engaged in the business of purchasing charged-off debts allegedly owed by consumers to others and attempting to collect the debts.

9. Many of the debts are telecommunications debts between 5 and 20 years old.

10. Such debts are generally modest in amount, being a few hundred dollars on average.

11. AFNI does not provide telecommunications services, but claims to purchase old, charged-off telecommunications debts.

12. Defendant pays an average of less than 10 cents on the dollar for the claimed debts.

13. Defendant AFNI, Inc. is a "debt collector" as defined in the FDCPA.

14. Defendant AFNI, Inc. is also a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA"), and in fact holds a license under the ICAA.

## **FACTS**

15. In the spring of 2008, plaintiff discovered that AFNI, Inc. had listed a purported delinquent debt on plaintiff's credit reports.

16. At the time, plaintiff had no idea of what AFNI was or why it might be entitled to list anything on plaintiff's credit reports.

17. On March 28, 2008, plaintiff sent AFNI, Inc., the letter attached as <u>Exhibit A</u>.

18. Plaintiff received no correspondence of any sort from AFNI, Inc., until May 2008, when plaintiff received the letter dated May 9, 2008 and attached as <u>Exhibit B</u>.

19. Plaintiff was not sent the notice required by 15 U.S.C. §1692g.

20. Plaintiff complained to the Better Business Bureau, as a result of which he learned that the claimed debt was supposed to be for residential phone service with Verizon in the state of Texas during 1999-2002.

21. Plaintiff did not have a phone number in his name in Texas during that period.

22. Plaintiff is unaware why AFNI, Inc., might believe he owes it money.

23. In addition to the Better Business Bureau, plaintiff wrote during the spring of 2008 to the three major credit bureaus, asking that they delete AFNI's "tradeline."

24. In response, the credit bureaus contacted AFNI.

25. AFNI purported to verify the debt to each credit bureau.

26. Such verification was false.

27. Plaintiff's credit report contains no other derogatory information.

28. Plaintiff has been denied credit as a result of AFNI's derogatory information.

**COUNT I – FDCPA – CLASS CLAIM**

29. Plaintiff incorporates paragraphs 1-22.

30. <u>Exhibit B</u> falsely states that AFNI is "unable to investigate" the dispute and that the consumer has "provided insufficient information to substantiate your claim."

31. These statements are false, in violation of 15 U.S.C. §1692e, because it is AFNI's obligation to verify debts it is attempting to collect, not the consumer's obligation to prove he or she does not owe money to AFNI. In most cases, the consumer will not have had any dealings with AFNI, and simply has no understanding why AFNI is claiming it is entitled to money.

32. Furthermore, <u>Exhibit B</u> was the initial communication from AFNI, and neither contained nor was followed within 5 days by the disclosures required by 15 U.S.C. §1692g.

33. On information and belief, AFNI, Inc. engages in a practice of listing debts on consumers' credit reports, without communicating directly with them, and then when the consumers contact it, sending letters in the form represented by <u>Exhibit B</u> while failing to provide verification of the debts.

34. Many consumers agree to pay money to AFNI, Inc., because the expense of dealing with its tactics exceed the amounts it demands from them.

**CLASS ALLEGATIONS**

35. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

36. The class consists of (a) all individuals (b) with addresses in Illinois, Indiana or Wisconsin, (c) who were sent a letter in the form represented by <u>Exhibit B</u>, (d) on or after a date one year prior to the filing of this action, and on or before a date 20 days after the filing of this action.

37. The class is so numerous that joinder of all members is not practicable.

38. AFNI has sent more than 50 letters in the form represented by <u>Exhibit A</u> to addresses in Illinois, Indiana and Wisconsin during the year prior to the filing of this action.

39. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendant engages in a practice of sending letters in the form represented by Exhibit B and whether such letters violate the FDCPA.

40. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

41. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

42. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

    (1) Statutory damages;

    (2) Attorney's fees, litigation expenses and costs of suit;

    (3) Such other and further relief as the Court deems proper.

### COUNT II – ILLINOIS COLLECTION AGENCY ACT – CLASS CLAIM

43. Plaintiff incorporates paragraphs 1-22.

44. Defendant is a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

45. Section 425/3(d), as amended effective Jan. 1, 2008, brings debt buyers within its purview by providing that "A person, association, partnership, corporation, or other legal entity acts as a collection agency when he or it . . . Buys accounts, bills or other indebtedness and

engages in collecting the same."

46. Previously coverage was limited to a person who "Buys accounts, bills or other indebtedness with recourse and engages in collecting the same". By deleting "with recourse," the legislature intended to classify as a "collection agency" persons such as the defendant who buy charged-off debts for their own account.

47. Defendant violated the following provisions of 225 ILCS 425/9.3:

**225 ILCS 425/9.3. (Effective January 1, 2008) Validation of debts**

**Sec. 9.3. (a) Within 5 days after the initial communication with a debtor in connection with the collection of any debt, a debt collector or collection agency shall, unless the following information is contained in the initial communication or the debtor has paid the debt, send the debtor a written notice with each of the following disclosures:**

**(1) The amount of the debt.**

**(2) The name of the creditor to whom the debt is owed.**

**(3) That, unless the debtor, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector or collection agency.**

**(4) That, if the debtor notifies the debt collector or collection agency in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector or collection agency will obtain verification of the debt or a copy of a judgment against the debtor and a copy of the verification or judgment will be mailed to the debtor by the debt collector or collection agency.**

**(5) That upon the debtor's written request within the 30-day period, the debt collector or collection agency will provide the debtor with the name and address of the original creditor, if different from the current creditor. If the disclosures required under this subsection (a) are placed on the back of the notice, the front of the notice shall contain a statement notifying debtors of that fact.**

**(b) If the debtor notifies the debt collector or collection agency in writing within the 30-day period set forth in paragraph (3) of subsection (a) of this Section that the debt, or any portion thereof, is disputed or that the debtor requests the name and address of the original creditor, the debt collector or collection agency shall cease collection of the debt, or any disputed portion thereof, until the debt collector or collection agency obtains verification of the debt or a copy of a judgment or the name and address of the original creditor and mails a copy of the verification or judgment or name and address of the original creditor to the debtor.**

**(c) The failure of a debtor to dispute the validity of a debt under this Section shall not be construed by any court as an admission of liability by the debtor.**

48.     In addition, AFNI violated the following provisions of 225 ILCS 425/9:

**. . . (20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist. . . .**

49.     A private right of action exists for violation of the ICAA. <u>Sherman v. Field Clinic</u>, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

50.     Plaintiff and all class members were damaged as a result, in that they were deprived of their statutory rights pursuant to a scheme to either obtain money from them or damage their credit.

## CLASS ALLEGATIONS

51.     Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

52.     The class consists of (a) all individuals (b) with addresses in Illinois, (c) who were sent a letter in the form represented by <u>Exhibit B</u>, (d) on or after January 1, 2008.

53.     The class is so numerous that joinder of all members is not practicable.

54.     AFNI has sent more than 50 letters in the form represented by <u>Exhibit B</u> to addresses in Illinois on or after January 1, 2008.

55.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendant engages in a practice of using <u>Exhibit B</u> to avoid verifying debts and whether such practice violates the ICAA.

56.     Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

57.     Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and collection abuse litigation.

58.     A class action is superior for the fair and efficient adjudication of this matter,

in that:

      a.    Individual actions are not economically feasible.

      b.    Members of the class are likely to be unaware of their rights;

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

      (1)    Compensatory and punitive damages;

      (2)    Costs.

      (3)    Such other and further relief as is appropriate.

## COUNT III – FAIR CREDIT REPORTING ACT – INDIVIDUAL CLAIM

59.    Plaintiff incorporates paragraphs 1-28.

60.    AFNI violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b), by falsely verifying the debt to the credit bureaus when they contacted AFNI in response to plaintiff's complaints.

61.    Section 1681s-2(b) provides:

**(b) Duties of furnishers of information upon notice of dispute.**

> **(1) In general. After receiving notice pursuant to section 611(a)(2) [15 USC §1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall**
>
> > **(A) conduct an investigation with respect to the disputed information;**
> >
> > **(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 USC §1681i(a)(2)];**
> >
> > **(C) report the results of the investigation to the consumer reporting agency; and**
> >
> > **(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.**

>**(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [15 USC §1681i(a)(1)] within which the consumer reporting agency is required to complete actions required by that section regarding that information.**

62. AFNI committed such violations willfully or negligently, thereby violating 15 U.S.C. §1681n and/or §1681o.

63. Section 1681n provides:

**§1681n.  Civil liability for willful noncompliance**

**(a) In general.  Any person who willfully fails to comply with any requirement imposed under this title  with respect to any consumer is liable to that consumer in an amount equal to the sum of–**

>**(1)**
>
>>**(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or**
>
>**(2) such amount of punitive damages as the court may allow; and**
>
>**(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .**

64. Section 1681o provides:

**§1681o.  Civil liability for negligent noncompliance**

**(a) In general.  Any person who is negligent in failing to comply with any requirement imposed under this title  with respect to any consumer is liable to that consumer in an amount equal to the sum of--**

>**(1) any actual damages sustained by the consumer as a result of the failure;**
>
>**(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.**

WHEREFORE, plaintiff requests that the Court enter judgment in his favor and against AFNI for:

>(1) Appropriate actual, punitive and statutory damages;

   (2)  Attorney's fees, litigation expenses and costs of suit;

   (3)  Such other or further relief as the Court deems proper.


          s/Daniel A. Edelman
          Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
  & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

 Plaintiff demands trial by jury.

          s/Daniel A. Edelman
          Daniel A. Edelman

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                    s/Daniel A. Edelman
                                    Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\21661\Pleading\Complaint_Pleading.wpd

11

```
08CV3918
JUDGE COAR
MAGISTRATE JUDGE SCHENKIER

AEE
```

# EXHIBIT A

Bouke Hale


AFNI, INC.
PO BOX 3427
Bloomington, IL 61702

March 28, 2008

Re: Account# ████7829, Verizon, Amount: $267.00

To Whom It May Concern:

I just pulled a copy of my credit report and noticed that your agency is reporting that I owe you a debt. I was not aware of this debt until now, and under my rights under the FDCPA, I request that you validate this debt. Be advised that this is not a refusal to pay, but a notice sent pursuant to the Fair Debt Collection Practices Act, 15 USC 1692g Sec. 809 (b) that your claim is disputed and validation is requested.

This is NOT a request for "verification" or proof of my mailing address, but a request for **VALIDATION** made pursuant to the above named Title and Section. I respectfully request that your offices provide me with competent evidence that I have any legal obligation to pay you.

Please provide me with the following:

**What the money you say I owe is for;**
**Explain and show me how you calculated what you say I owe;**
**Provide me with copies of any papers that show I agreed to pay what you say I owe;**
**Provide a verification or copy of any judgment if applicable;**
**Identify the original creditor;**
**Prove the Statute of Limitations has not expired on this account**
**Show me that you are licensed to collect in my state**
**Provide me with your license numbers and Registered Agent**

At this time I will also inform you that if your offices have reported invalidated information to any of the 3 major Credit Bureau's (Equifax, Experian or TransUnion) this action might constitute fraud under both Federal and State Laws. Due to this fact, if any negative mark is found on any of my credit reports by your company or the company that you represent I will not hesitate in bringing legal action against you for the following:

**Violation of the Fair Credit Reporting Act**
**Violation of the Fair Debt Collection Practices Act**
**Defamation of Character**

If your offices are able to provide the proper documentation as requested in the following Declaration, I will require at least 30 days to investigate this information and during such time all collection activity must cease and desist.

Also during this validation period, if any action is taken which could be considered detrimental to any of my credit reports, I will consult with my legal counsel for suit. This includes any listing any information to a credit reporting repository that could be inaccurate or invalidated or verifying an account as accurate when in fact there is no provided proof that it is.

If your offices fail to respond to this validation request within 30 days from the date of your receipt, all references to this account must be deleted and completely removed from my credit file and a copy of such deletion request shall be sent to me immediately.

I would also like to request, in writing, that no telephone contact be made by your offices to my home or to my place of employment. If your offices attempt telephone communication with me, including but not limited to computer generated calls and calls or correspondence sent to or with any third parties, it will be considered harassment and I will have no choice but to file suit. All future communications with me MUST be done in writing and sent to the address noted in this letter by USPS.

It would be advisable that you assure that your records are in order before I am forced to take legal action. This is an attempt to correct your records, any information obtained shall be used for that purpose.

Best Regards,


Bouke Hale

**EXHIBIT B**

P.O. Box 20939
Ferndale, MI 48220




404 Brock Drive
P.O. Box 3427
Bloomington, IL 61702-3427
Please remit to Bloomington, IL address

05/09/2008

BOUKE HALE


Afni, Inc. Account #:　　　　　29-02
Creditor Account #:　　　　　0806

Balance Due:　　$267.43

We have received your dispute but we are unable to investigate at this time. You have provided insufficient information to substantiate your claim. We will complete our investigation within 30 days of receipt of the following information:

- The specific information you dispute
- An explanation of the basis of your dispute.
- All supporting documentation to substantiate your claim. Examples may include but is not limited to, photocopy of your driver's license, the identification page of your passport, proof of residency at time of service, receipts, etc.
- A valid phone number to contact you.

Please contact our office to resolve this matter.

Monday-Friday, 7am – 7pm CST. Toll Free: (866) 857-7203

This communication is from a debt collector. Any information obtained will be used for that purpose. You have the right to inspect your credit.

Sincerely,
Afni, Inc.