IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BOUKE HALE, | ) | |
| on behalf of plaintiff and a class, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 08 C 3918 |
| | ) | |
| v. | ) | Judge Coar |
| | ) | |
| AFNI, INC., | ) | Magistrate Judge Schenkier |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant, Afni, Inc. ("Afni"), by and through its attorneys David M. Schultz

and Justin M. Penn, and for its Answer and Affirmative Defenses to Plaintiff's Class

Action Complaint states as follows:

### INTRODUCTION

1.      Plaintiff Bouke Hale brings this action to secure redress from unlawful
credit and collection practices engaged in by defendant AFNI, Inc.. Plaintiff alleges
violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"),
the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA"), and the Fair Credit
Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

**ANSWER:   Defendant admits plaintiff's Complaint alleges claims against**

**them under the FDCPA, ICAA and FCRA.  Defendant denies that it committed any**

**act in violation of the FDCPA, the ICAA or the FCRA or that plaintiff is entitled to**

**any damages whatsoever against it.  Defendant is without knowledge or information**

sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 1.

2.    The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

**ANSWER:**    **Defendant denies that this paragraph accurately characterizes the nature and scope of the FDCPA when taken as a whole.**

3.    The ICAA reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes... . It is further declared to be the public policy of this State to protect consumers against debt collection abuse." 225 ILCS 425/la.

**ANSWER:**    **Defendant admits that the language quoted in this paragraph accurately recites a portion of the ICAA.  In further answering the allegations contained in this paragraph, defendant denies that this paragraph accurately characterizes the nature and scope of the ICAA when taken as a whole.**

### VENUE AND JURISDICTION

4.    This Court has jurisdiction under 15 U.S.C. §§ 1681p (FCRA) and 16692k (FDCPA) and 28 U.S.C. §§1331, 1337 and 1367, [sic]

**ANSWER:**    **Defendants admit that jurisdiction is proper.**

5.    Venue and personal jurisdiction in this District are proper because:

a.    Defendant's collection communications were received by plaintiff within this District;

b.    Defendant does business within this District.

**ANSWER:  Defendants admit that venue and personal jurisdiction are proper.**

## PARTIES

6.    Plaintiff Bouke Hale is an individual who resides in the Northern District of Illinois.

**ANSWER:   Defendant is without knowledge or information sufficient to form a belief as to where plaintiff resides as of the date of this answer, but admits that, upon information and belief, the last known address it has for plaintiff is in the Northern District of Illinois.**

7.    Defendant AFNI, Inc. is a corporation with offices at 404 Brock Drive, Bloomington, Illinois 61702.

**ANSWER:   Defendant admits the allegations contained in this paragraph.**

8.    AFNI, Inc. is engaged in the business of purchasing charged-off debts allegedly owed by consumers to others and attempting to collect the debts.

**ANSWER:   Defendant denies that this paragraph accurately characterizes the nature and scope of its business practices.   In further answering the allegations contained in this paragraph, defendant states that its business includes the purchase and collection of defaulted debts originally owed to others.**

9.    Many of the debts are telecommunications debts between 5 and 20 years old.

3

**ANSWER:**    Defendant denies that this paragraph accurately characterizes the nature and scope of its business practices.  In further answering the allegations contained in this paragraph, defendant states that it has purchased and collected upon defaulted telecommunications debts.

10.    Such debts are generally modest in amount, being a few hundred dollars on average.

**ANSWER:**    Defendant denies that this paragraph accurately characterizes the nature and scope of its business practices.  In further answering the allegations contained in this paragraph, defendant states that some of the defaulted debts on which it collects are a few hundred dollars.  Defendant specifically denies that a few hundred dollars of defaulted debt is a modest amount.

11.    AFNI does not provide telecommunications services, but claims to purchase old, charged-off telecommunications debts.

**ANSWER:**    Defendant denies that this paragraph accurately characterizes the nature and scope of its business practices.  In further answering the allegations contained in this paragraph, defendant admits that it does not provide telecommunications services.

12.    Defendant pays an average of less than 10 cents on the dollar for the claimed debts.

**ANSWER:**    Defendant denies that this paragraph accurately characterizes the nature and scope of its business practices.

13.    Defendant AFNI, Inc. is a "debt collector" as defined in the FDCPA.

**ANSWER:   Defendant admits that Afni is a debt collector as defined by the FDCPA in many instances and for many purposes.   In further answering the allegations contained in this paragraph, defendant is without knowledge or information sufficient to form a belief as to whether it was acting as a debt collector as that term is defined by the FDCPA with respect to the plaintiff since it does not know the nature of the plaintiff's underlying debt.**

14.     Defendant AFNI, Inc. is also a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA"), and in fact holds a license under the ICAA.

**ANSWER:   Defendant admits that Afni is a collection agency as defined by the ICAA in many instances and for many purposes.   In further answering the allegations contained in this paragraph, defendant is without knowledge or information sufficient to form a belief as to whether it was acting as a collection agency as that term is defined by the ICAA with respect to the plaintiff since it does not know the nature of the plaintiff's underlying debt.**

<u>FACTS</u>

15.     In the spring of 2008, plaintiff discovered that AFNI, Inc. had listed a purported delinquent debt on plaintiff's credit reports.

**ANSWER:   Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

16.     At the time, plaintiff had no idea of what AFNI was or why it might be entitled to list anything on plaintiff's credit reports.

5

**ANSWER:   Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

17.    On March 28, 2008, plaintiff sent AFNI, Inc., the letter attached as Exhibit A.

**ANSWER:   Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

18.    Plaintiff received no correspondence of any sort from AFNI, Inc., until May 2008, when plaintiff received the letter dated May 9, 2008 and attached as Exhibit B.

**ANSWER:   Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph. Defendant denies that the May 9, 2008 letter, which Exhibit B purports to be a copy of, is the first correspondence Afni sent to the plaintiff.**

19.    Plaintiff was not sent the notice required by 15 U.S.C. § 1692g.

**ANSWER:   Defendant denies the allegations contained in this paragraph.**

20.    Plaintiff complained to the Better Business Bureau, as a result of which he learned that the claimed debt was supposed to be for residential phone service with Verizon in the state of Texas during 1999-2002.

**ANSWER:   Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

21.    Plaintiff did not have a phone number in his name in Texas during that period.

6347920v1  7791

**ANSWER:    Upon information and belief, defendant denies the allegations contained in this paragraph.**

22.    Plaintiff is unaware why AFNI, Inc., might believe he owes it money.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

23.    In addition to the Better Business Bureau, plaintiff wrote during the spring of 2008 to the three major credit bureaus, asking that they delete AFNI's "tradeline."

**ANSWER:    Upon information and belief, defendant admits the allegations contained in this paragraph.**

24.    In response, the credit bureaus contacted AFNI.

**ANSWER:    Defendant admits that it was contacted by credit bureaus about the information furnished concerning the plaintiff.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the why they contacted Afni.**

25.    AFNI purported to verify the debt to each credit bureau.

**ANSWER:    Defendant denies that this allegations accurately characterizes its conduct with respect to the information sought by the credit bureaus.**

26.    Such verification was false.

**ANSWER:    Defendant denies the allegation contained in this paragraph.**

27.    Plaintiff's credit report contains no other derogatory information.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

28.    Plaintiff has been denied credit as a result of AFNI's derogatory information.

**ANSWER:    Defendant denies the allegations contained in this paragraph.**

## COUNT I — FDCPA — CLASS CLAIM

29.    Plaintiff incorporates paragraphs 1-22.

**ANSWER:    Defendant restates and realleges its responses to paragraphs one through 22 as if fully restated and realleged herein.**

30.    Exhibit B falsely states that AFNI is "unable to investigate" the dispute and that the consumer has "provided insufficient information to substantiate your claim."

**ANSWER:    Defendant denies the allegations contained in this paragraph.**

31.    These statements are false, in violation of 15 U.S.C. §1692e, because it is AFNI's obligation to verify debts it is attempting to collect, not the consumer's obligation to prove he or she does not owe money to AFNI. In most cases, the consumer will not have had any dealings with AFNI, and simply has no understanding why AFNI is claiming it is entitled to money.

**ANSWER:    Defendant denies the allegations contained in this paragraph.**

32.    Furthermore, Exhibit B was the initial communication from AFNI, and neither contained nor was followed within 5 days by the disclosures required by 15 U.S.C. § 1692g.

**ANSWER:    Defendant denies the allegations contained in this paragraph.**

33.    On information and belief, AFNI, Inc. engages in a practice of listing debts on consumers' credit reports, without communicating directly with them, and then

8

when the consumers contact it, sending letters in the form represented by Exhibit B while failing to provide verification of the debts.

     **ANSWER:**   **Defendant denies the allegations contained in this paragraph.**

34.    Many consumers agree to pay money to AFNI, Inc., because the expense of dealing with its tactics exceed the amounts it demands from them.

     **ANSWER:**   **Defendant denies the allegations contained in this paragraph.**

## CLASS ALLEGATIONS

35.    Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

     **ANSWER:**   **Defendants deny that a class exists, deny that a class should be certified, and therefore deny the allegations contained in this paragraph.**

36.    The class consists of (a) all individuals (b) with addresses in Illinois, Indiana or Wisconsin, (c) who were sent a letter in the form represented by Exhibit B, (d) on or after a date one year prior to the filing of this action, and on or before a date 20 days after the filing of this action.

     **ANSWER:**   **Defendants deny that a class exists, deny that a class should be certified, and therefore deny the allegations contained in this paragraph.**

37.    The class is so numerous that joinder of all members is not practicable.

     **ANSWER:**

38.    AFNI has sent more than 50 letters in the form represented by Exhibit A to addresses in Illinois, Indiana and Wisconsin during the year prior to the filing of this action.

     **ANSWER:**   **Defendants deny that a class exists, deny that a class should be certified, and therefore deny the allegations contained in this paragraph.**

9

39.    There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendant engages in a practice of sending letters in the form represented by Exhibit B and whether such letters violate the FDCPA.

**ANSWER:    Defendants deny that a class exists, deny that a class should be certified, and therefore deny the allegations contained in this paragraph.**

40.    Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER:    Defendant denies the allegations contained in this paragraph.**

41.    Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

**ANSWER:    Defendant denies the allegations contained in this paragraph.**

42.    A class action is superior for the fair and efficient adjudication of this matter, in that:

        a.    Individual actions are not economically feasible.

        b.    Members of the class are likely to be unaware of their rights;

        c.    Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**ANSWER:    Defendant denies the allegations contained in this paragraph.**

**COUNT II — ILLINOIS COLLECTION AGENCY ACT — CLASS CLAIM**

43.    Plaintiff incorporates paragraphs 1-22.

**ANSWER:    Defendant restates and realleges its responses to paragraphs one through 22 as if fully restated and realleged herein.**

10

44.     Defendant is a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

**ANSWER:    Defendant admits that Afni is a collection agency as defined by the ICAA in many instances and for many purposes.  In further answering the allegations contained in this paragraph, defendant is without knowledge or information sufficient to form a belief as to whether it was acting as a collection agency as that term is defined by the ICAA with respect to the plaintiff since it does not know the nature of the plaintiff's underlying debt.**

45.     Section 425/3(d), as amended effective Jan. 1, 2008, brings debt buyers within its purview by providing that "A person, association, partnership, corporation, or other legal entity acts as a collection agency when he or it . . . Buys accounts, bills or other indebtedness and engages in collecting the same."

**ANSWER:    Defendant admits that the language quoted in this paragraph accurately recites a portion of the language contained in the ICAA.  Defendant denies that this allegation accurately characterizes the nature and scope of the ICAA when taken as a whole.**

46.     Previously coverage was limited to a person who "Buys accounts, bills or other indebtedness with recourse and engages in collecting the same". By deleting "with recourse," the legislature intended to classify as a "collection agency" persons such as the defendant who buy charged-off debts for their own account.

**ANSWER:    Defendant denies that this allegation accurately characterizes the former or current nature and scope of the ICAA when taken as a whole.**

47.     Defendant violated the following provisions of 225 ILCS 425/9.3:

**225 ILCS 425/9.3. (Effective January 1, 2008) Validation of debts**

Sec. 9.3. (a) Within 5 days after the initial communication with a debtor in connection with the collection of any debt, a debt collector or collection agency shall, unless the following information is contained in the initial communication or the debtor has paid the debt, send the debtor a written notice with each of the following disclosures:

(1) The amount of the debt.

(2) The name of the creditor to whom the debt is owed.

(3) That, unless the debtor, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector or collection agency.

(4) That, if the debtor notifies the debt collector or collection agency in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector or collection agency will obtain verification of the debt or a copy of a judgment against the debtor and a copy of the verification or judgment will be mailed to the debtor by the debt collector or collection agency.

(5) That upon the debtor's written request within the 30-day period, the debt collector or collection agency will provide the debtor with the name and address of the original creditor, if different from the current creditor. If the disclosures required under this subsection (a) are placed on the back of the notice, the front of the notice shall contain a statement notifying debtors of that fact.

(b) If the debtor notifies the debt collector or collection agency in writing within the 30-day period set forth in paragraph (3) of subsection (a) of this Section that the debt, or any portion thereof, is disputed or that the debtor requests the name and address of the original creditor, the debt collector or collection agency shall cease collection of the debt, or any disputed portion thereof, until the debt collector or collection agency obtains verification of the debt or a copy of a judgment or the name and address of the original creditor and mails a copy of the verification or judgment or name and address of the original creditor to the debtor.

12

**(c) The failure of a debtor to dispute the validity of a debt under this Section shall not be construed by any court as an admission of liability by the debtor.**

**ANSWER:**    Defendant denies the allegations contained in this paragraph.

48.    In addition, AFNI violated the following provisions of 225 ILCS 425/9:

**... (20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist... .**

**ANSWER:**    Defendant denies the allegations contained in this paragraph.

49.    A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

**ANSWER:**    Defendant denies the allegations contained in this paragraph.

50.    Plaintiff and all class members were damaged as a result, in that they were deprived of their statutory rights pursuant to a scheme to either obtain money from them or damage their credit.

**ANSWER:**    Defendant denies the allegations contained in this paragraph.

## CLASS ALLEGATIONS

51.    Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

**ANSWER:**    **Defendants deny that a class exists, deny that a class should be certified, and therefore deny the allegations contained in this paragraph.**

52.    The class consists of (a) all individuals (b) with addresses in Illinois, (c) who were sent a letter in the form represented by Exhibit B, (d) on or after January 1, 2008.

**ANSWER:**    **Defendants deny that a class exists, deny that a class should be certified, and therefore deny the allegations contained in this paragraph.**

13

53.     The class is so numerous that joinder of all members is not practicable.

**ANSWER:     Defendants deny that a class exists, deny that a class should be certified, and therefore deny the allegations contained in this paragraph.**

54.     AFNI has sent more than 50 letters in the form represented by Exhibit B to addresses in Illinois on or after January 1, 2008.

**ANSWER:     Defendants deny that a class exists, deny that a class should be certified, and therefore deny the allegations contained in this paragraph.**

55.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendant engages in a practice of using Exhibit B to avoid verifying debts and whether such practice violates the ICAA.

**ANSWER:     Defendants deny that a class exists, deny that a class should be certified, and therefore deny the allegations contained in this paragraph.**

56.     Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER:     Defendant denies the allegations contained in this paragraph.**

57.     Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and collection abuse litigation.

**ANSWER:     Defendant denies the allegations contained in this paragraph.**

58.     A class action is superior for the fair and efficient adjudication of this matter, in that:

    a.     Individual actions are not economically feasible.

    b.     Members of the class are likely to be unaware of their rights;

**ANSWER:     Defendant denies the allegations contained in this paragraph.**

14

## COUNT III — FAIR CREDIT REPORTING ACT — INDIVIDUAL CLAIM

59.    Plaintiff incorporates paragraphs 1-28.

**ANSWER:    Defendant restates and realleges its responses to paragraphs one through 28 as if fully restated and realleged herein.**

60.    AFNI violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b), by falsely verifying the debt to the credit bureaus when they contacted AFNI in response to plaintiff's complaints.

**ANSWER:    Defendant denies the allegations contained in this paragraph.**

61.    Section 1681s-2(b) provides:

**(b) Duties of furnishers of information upon notice of dispute.**

> **(1) In general. After receiving notice pursuant to section 611(a)(2) [15 USC §1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall**
>
> > **(A) conduct an investigation with respect to the disputed information;**
> >
> > **(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 USC §1681i(a)(2)];**
> >
> > **(C) report the results of the investigation to the consumer reporting agency; and**
> >
> > **(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.**
>
> **(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the**

15

period under section 611(a)(1) [15 USC §1681i(a)(1)] within which the consumer reporting agency is required to complete actions required by that section regarding that information.

**ANSWER:**    Defendant admits that this paragraph accurately recites a portion of the language contained in the FCRA.

62.    AFNI committed such violations willfully or negligently, thereby violating 15 U.S.C. §1681n and/or §16810.

**ANSWER:**    Defendant denies the allegations contained in this paragraph.

63.    Section 1681n provides:

**§1681n. Civil liability for willful noncompliance**

**(a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of**

**(1)**

**(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or**

**(2) such amount of punitive damages as the court may allow; and**

**(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court... .**

**ANSWER:**    Defendant admits that this paragraph accurately recites a portion of the language contained in the FCRA.

63.    Section 1681 provides:

**§1681. Civil liability for negligent noncompliance**

16

**(a) In general. Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of--**

> **(1) any actual damages sustained by the consumer as a result of the failure;**
>
> **(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.**

<u>**ANSWER:**</u>     Defendant admits that this paragraph accurately recites a portion of the language contained in the FCRA.

<u>**AFFIRMATIVE DEFENSES**</u>

**First Affirmative Defense**

For its First Affirmative Defense, defendant states that any violation of the FDCPA, which defendant denies occurred, was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

**Second Affirmative Defense**

For its Second Affirmative Defense, defendant states that any recovery to the plaintiff, which defendant denies is appropriate, should be set off by the amount that the plaintiff owes on the underlying debt.

**Third Affirmative Defense**

For its Third Affirmative Defense, defendant states that that plaintiff's purported causes of action may not be allowed to proceed within the United States District Court

system as defendant may possess the contractual right to move those actions to arbitration based on contracts entered into by plaintiff.

**Fourth Affirmative Defense**

For its Fourth Affirmative Defense, defendant states that additional affirmative defenses may exist as to individual class members in the event a class is certified, such as the Voluntary Payment Doctrine, class members who filed for Chapter 7 bankruptcy, or other individual defenses.  Defendant therefore reserves the right to amend its Affirmative Defenses to address those potential defenses.

WHEREFORE, Defendant, Afni, INC., respectfully requests that the Court dismiss the Complaint in its entirety and grant such other and further relief in its favor as the Court deems just and proper

Respectfully submitted,

HINSHAW & CULBERTSON LLP

By: s/Justin M. Penn
    One of the Attorneys for Defendant

David M. Schultz
David M. Schultz
Justin M. Penn
Hinshaw & Culbertson LLP
222 N. LaSalle Street, Suite 300
Chicago, IL  60601
312-704-3000
312-704-3001  Fax

18

6347920v1  7791

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

BOUKE HALE,                              )
on behalf of plaintiff and a class,      )
                                         )
                    Plaintiff,           )          Case No.: 08 C 3918
                                         )
           v.                            )          Judge Coar
                                         )
AFNI, INC.,                              )          Magistrate Judge Schenkier
                                         )
                    Defendant.           )
                                         )

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **August 25, 2008,** I electronically filed **Defendant AFNI,**

**Inc.'s Answer to Plaintiff's Class Action Complaint,** with the Clerk of the Court using

the CM/ECF system which will send notification of such filing(s) to the following:

Daniel Edelman
EDELMAN COMBS LATTURNER &
GOODWIN
120 South LaSalle Street, 18th Floor
Chicago, IL 60603
Telephone No. (312) 739-4200
Facsimile No.  (312) 419-0379
dedelman@edcombs.com


                              Respectfully submitted,

                              Afni, Inc.

                              By:  /s/ Justin M. Penn_____
                              Justin M. Penn
                              HINSHAW & CULBERTSON LLP

222 North LaSalle Street, Suite 300
Chicago, IL 60601
312-704-3000
jpenn@hinshawlaw.com