IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOUKE HALE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>AFNI, INC., )<br>)<br>Defendant. ) | No. 08 CV 3918<br><br>JUDGE DAVID H. COAR |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Bouke Hale ("Plaintiff" or "Hale") brings this action alleging that Defendant AFNI, Inc. ("Defendant" or "AFNI") violated the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff now moves for class certification pursuant to Federal Rule of Civil Procedure 23. For the reasons stated below, Plaintiff's motion for class certification is **GRANTED**.

I.     **FACTUAL BACKGROUND**

This dispute stems from a form letter that AFNI allegedly sent to Plaintiffs regarding debt collection. According to Plaintiffs, AFNI sent each of them this letter, which stated that it was "unable to investigate" the individual's debt because he or she had "provided insufficient information to substantiate [the] claim" (Compl., Ex. B). Plaintiffs allege that AFNI's letter violated the FDCPA in two specific ways. First, the statements in the letter were false, in violation of 15 U.S.C. § 1692e, because AFNI was, in fact, able to verify and investigate the debts at issue, and Plaintiffs bore no obligation to prove that they did not owe money to AFNI. Second, the letter was AFNI's initial communication and neither contained nor was followed within five days by the disclosures required under 15 U.S.C. § 1692g. Plaintiffs contend that

1

AFNI sent this false, non-responsive form letter to every consumer who wrote to AFNI without providing full payment.  According to Plaintiffs, AFNI sends this letter in an effort to "stonewall" customers seeking to dispute their debts in the hope that they would simply give up and pay the alleged debt (Pl.'s Reply Br. 3-4).

Plaintiffs now seek to certify as a class all individuals, with addresses in Illinois, Indiana, or Wisconsin, to whom AFNI sent a letter in the form represented by the letter Plaintiff received (Compl., Ex. B), on or after July 10, 2007, and on or before July 30, 2008 (Pl.'s Mot. For Class Cert. 1).  AFNI opposes class certification.

## II.    LEGAL STANDARD

Rule 23 of the Federal Rules of Civil Procedure sets forth the relevant standards for maintaining class action suits in federal court.  Under Rule 23(a), a proposed class must satisfy four conditions before a court will grant certification: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation.  Fed. R. Civ. P. 23(a).  In addition, the plaintiff must satisfy Rule 23(b), which offers only three potential bases for a valid class action.  *See* Fed. R. Civ. P. 23(b).  In the case before the Court, Plaintiff seeks certification under Rule 23(b)(3), which authorizes class actions where the "questions of law or fact common to the members of the class predominate over any questions affecting individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy."  The burden of proof on a motion for class certification rests with the plaintiff.  *See Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 162 (1982).

## III. ANALYSIS

### a. Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Although there is no "magic number" of class members for numerosity purposes, when a class numbers at least 40, joinder will be considered impracticable. *Swanson v. Am. Consumer Indus.*, 415 F.2d 1326, 1333 (7th Cir. 1969). Plaintiffs' proposed class includes at least 1,000 individuals (Pl.'s Mot. for Class Cert., App. B), and Defendant offers no objection to numerosity. Because the proposed class well exceeds 40, and Plaintiffs need not specify the exact number of class members, *see Marcial v. Cornet Ins. Co.*, 880 F.2d 954 (7th Cir. 1989), numerosity is satisfied.

### b. Commonality

Under Rule 23(a)(2), there must be a question of law or fact common to the class. Rule 23(b)(3), discussed below, more stringently requires that the common questions of law or fact predominate over questions pertaining to individual class members. Commonality generally exists when the defendant has engaged in "standardized conduct" toward the members of the proposed class. *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 2006 WL 715788, at *4 (N.D. Ill. Mar. 22, 2006). "A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2)." *Rosario v. Livaditis*, 963 F.2d 1013, 1017 (7th Cir. 1992).

Challenging Plaintiffs' ability to meet both the commonality and typicality requirements of Rule 23(a), AFNI argues that, unlike the class he proposes to represent, Hale received an initial communication from AFNI before receiving the form letter centrally at issue in this case. However, even if this is true, the existence of some factual differences among class

3

members' claims will not defeat commonality. Moreover, the commonality requirement is normally satisfied when the defendant's "standardized conduct" toward class members involves sending form letters. *See Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998); *Day v. Check Brokerage Corp.*, 240 F.R.D. 414, 418-19 (N.D. Ill. 2007) (collecting cases). In the present case, there is a "common nucleus of operative fact" that derives from the identical form letters that AFNI allegedly sent to all class members. *See Keele*, 149 F.3d at 594. In addition, the principal legal question is whether these letters violate the FDCPA. Plaintiffs have therefore satisfied Rule 23's commonality requirement.

      **c. Typicality**

A plaintiff's claim is typical of a proposed class if "it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and [is] based on the same legal theory." *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). Further, "factual distinctions between the claims of the named class members and those of other class members" do not necessarily defeat a finding of typicality. *Id.* at 233. The issue instead turns on whether the plaintiff's claims "have the same essential characteristics" as those of the proposed class members. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 599 (7th Cir. 1993).

Like its challenge to commonality, AFNI attempts to distinguish Hale from the proposed class by claiming that the form letter Hale received was not AFNI's first letter to him. According to AFNI, its initial communication to Hale included the disclosure required by 15 U.S.C. § 1692g, and Hale did not dispute his alleged debt within the 30-day validation period prescribed by the FDCPA. AFNI argues that, because neither § 1692g nor § 1692e govern disputes outside the 30-day period, its form letter in response to Hale's "late" dispute did not

4

violate either section of the FDCPA. AFNI contends that "even an arguable defense peculiar to the named plaintiff class" defeats typicality (Def.'s Am. Resp. in Opp. to Pl.'s Mot. for Class Cert. 7).

The Court finds that Hale's claim is typical to the class because it arises from the same form letter allegedly received by all class members, and it is based on the same legal theory that the letter violates the FDCPA. *See De La Fuente*, 713 F.2d at 232. Moreover, AFNI's "arguable defense" does not destroy typicality in this case. To defeat typicality, a claim must be unique to the *plaintiff*, not, as asserted by AFNI, "peculiar to the *named plaintiff class*" (Def.'s Am. Resp. in Opp. to Pl.'s Mot. for Class Cert. 7) (emphasis added); *see Koos v. First Nat'l Bank*, 462 F.2d 1162, 1164-65 (7th Cir. 1974). AFNI suggests that, by including § 1692g in its complaint, Plaintiff contemplates including class members who received AFNI's form letter as an initial communication. Yet because AFNI goes on to assert that there are no such individuals, it follows that AFNI's defense must apply to the entire class, not just the named plaintiff.

Even if AFNI's defense is somehow unique to Hale, this defense still would not defeat typicality. A defense unique to the named plaintiff will only destroy typicality where that defense is "likely to usurp a significant portion of the litigant's time and energy" to the detriment of other class members. *Davis-Holden v. Merchant's Legal Servs., P.A.*, No. 98 C 6091, 1999 WL 703293, at *3 (N.D. Ill. Aug. 25, 1999) (citing *In re CBC Companies, Inc. Collection Letter Litigation*, 181 F.R.D. 380, 385 (N.D. Ill. 1998)) (internal quotation marks omitted); *see also Koos*, 462 F.2d at 1164-65. Addressing AFNI's defense would not likely require much energy from Hale, as this defense relates only to his § 1692g claim— not Plaintiffs' more central claim that AFNI's form letter contained false statements in violation of § 1692e. Indeed, whether AFNI's letter was its initial communication is completely irrelevant to determining whether that

5

letter contained false statements. Accordingly, the Court finds that Plaintiffs have satisfied Rule 23's typicality requirement.

### d. Adequacy of Representation

Rule 23(a)(4) requires that the named plaintiff "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Plaintiff must not have claims antagonistic to or in conflict with those of other class members and must have sufficient interest in the case's outcome to be a vigorous advocate. *See Chapman v. Worldwide Asset Mgmt., L.L.C.*, No. 04 C 7625, 2005 WL 2171168, at *4 (N.D. Ill. Aug. 30, 2005). In addition, Plaintiff's counsel must be qualified, experienced, and able to conduct the proposed litigation. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992).

The named plaintiff meets these requirements. First, the named plaintiff's interests coincide with the general interests of the class members; both Hale and the class members seek money damages for AFNI's alleged violated of the FDCPA. Second, Plaintiff has retained experienced counsel, Daniel A. Edelman, who this Court has previously deemed qualified to bring a class action in a case alleging violations of the FDCPA. *See Miller v. Midland Credit Mgmt., Inc.*, No. 08 cv 780, 2009 WL 528796, at *3 (N.D. Ill. Mar. 2, 2009). Accordingly, adequacy of representation is satisfied.

### e. Rule 23(b)(3)

Under Rule 23(b)(3), a plaintiff must show that common questions of law or fact predominate over individual questions, and "that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3); *Amchem Prods. v. Windsor*, 521 U.S. 591, 615 (1997). "The matters pertinent to the finding [under Rule 23(b)(3)] include: (A) the interest of members of the class in individually controlling

the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the difficulties likely to be encountered in the management of a class action." Fed. R. Civ. P. 23(b)(3). The predominance inquiry is significantly more demanding than the commonality requirement of Rule 23(a)(2). *Amchem Prods.*, 521 U .S. at 623-24. If individual issues predominate over common questions, then a class action generally is not a superior method for resolving the controversy because managing the disparate issues involved will be inefficient. *Szabo v. Bridgeport Mach., Inc.*, 249 F.3d 672, 675 (7th Cir. 2001).

AFNI argues that Plaintiffs have failed to satisfy the Rule 23(b)(3) requirement that common questions predominate over individual issues because the Court would have to analyze each class member's individual dispute letter to determine whether AFNI's statements in response—that it was "unable to investigate" the dispute and that the individual has "provided insufficient to substantiate [the] claim"—were false in violation of § 1692e. More specifically, the Court would have to consider the contents of each dispute letter to determine whether the specific information provided was sufficient to allow AFNI to investigate the disputed claim. In response, Plaintiffs claim that individualized inquiries are unnecessary because AFNI's letters are false with respect to *all* class members. This is because AFNI needs only a debtor's name or address to conduct some investigation of his or her debt, and AFNI must have had at least that much information about all class members. Indeed, Plaintiffs' class is defined by receipt of AFNI's form letter, and AFNI could not have sent Plaintiffs letters without their names and addresses.

7

The Court agrees with Plaintiffs and concludes that the common question of whether AFNI's form letter violated the FDCPA predominates over the individual questions in this case. Rule 23(b)(3)'s predominance requirement is typically satisfied where the central, common issue is whether the defendant's form letter violates the FDCPA. *See Quiroz v. Revenue Production Mgmt., Inc.*, 252 F.R.D. 438, 444 (N.D. Ill. 2008) (finding that predominance was satisfied where the common question was whether the defendant's form letter violated § 1692e); *see also Day v. Check Brokerage Corp.*, 240 F.R.D. 414, 418-19 (N.D. Ill. 2007) (finding that predominance was satisfied where class members received "very similar" letters, and the common legal issue was whether those letters violated the FDCPA); *Jackson v. Nat'l Action Fin. Servs., Inc.*, 227 F.R.D. 284, 290 (N.D. Ill. 2005) (same). Moreover, contrary to Defendant's position, the Court need not conduct individualized inquiries because Plaintiffs challenge AFNI's alleged overall practice of sending false, non-responsive letters to any consumer who wrote to AFNI and did not provide full payment. *See Quiroz*, 252 F.R.D. at 444.

Additionally, the Court finds that a class action is the superior method for addressing the instant controversy. The Seventh Circuit has held that class actions are especially appropriate for resolving FDCPA claims. *See Crawford v. Equifax Payment Servs., Inc.*, 201 F.3d 877, 880 (7th Cir. 2000); *Randolph v. Crown Asset Mgmt., LLC*, 254 F.R.D. 513, 520 (N.D. Ill. 2008). Where, as here, the defendant has "engaged in standardized conduct by sending form letters to many consumers, and each individual consumer's claim would likely be too small to vindicate through an individual suit," a class action is the most efficient, effective way to proceed. *Quiroz*, 252 F.R.D. at 444; *see also Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997). Because the common question in this case predominates over any potential individual issues, and

a class action is the superior method for resolving the controversy, Plaintiffs satisfy the requirements of Rule 23(b)(3).

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for class certification is GRANTED for the following class:

> All individuals, with addresses in Illinois, Indiana, or Wisconsin, to whom AFNI sent a letter in the form represented by the letter Plaintiff received (Compl., Ex. B), on or after July 10, 2007, and on or before July 30, 2008.

Enter:
/s/ David H. Coar
_____
David H. Coar
United States District Judge

**Dated:** October 23, 2009